(14 Misc. Rep. 560.)

RAFTERY v. CENTRAL PARK, N. & E. R. R. CO.

(Common Pleas of New York City and County, General Term.  December 2, 1895.)

MASTER AND SERVANT—DANGEROUS LOCALITY—NEGLIGENCE.

A servant was directed by his master's foreman to do some work in a shaft with whose construction he was unfamiliar.  The floor was formed of glass and wood, and so covered with dirt as to present a common surface.  In the course of his work the servant stepped on the glass portion of the floor, which gave way, to his injury.  *Held,* that the master was chargeable with negligence.

Appeal from trial term.

Action by Patrick Raftery against the Central Park, North & East River Railroad Company for damages for personal injuries. From a judgment on the verdict for the plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Henry A. Robinson, for appellant.

Charles M. Demond, for respondent.

BISCHOFF, J. From a perusal of the record in this case, it is difficult to appreciate any reason for the appeal. No point of law is presented; the charge to the jury was received without comment, and this justly; and all questions touching rulings upon evidence have apparently been abandoned by the appellant. But, as a tribunal of fact as well as of law, we are asked to reverse the judgment as standing against the weight of evidence; yet in this aspect of the case the appeal certainly cannot prevail. The plaintiff, a servant, seeks to charge his master with negligence in having required him to work in a place of danger, whereby he sustained injuries which the master's exercise of ordinary care would have avoided,—necessarily, also, maintaining the fact of his own proper care in the matter,—and he has sustained his position by efficient proof before the jury. This proof showed that he was directed by a foreman in defendant's employ to enter a shaft of, to him, unknown construction, the flooring of which was formed in part of glass frames and in part of wood, the whole covered by dust and dirt so as to present a common surface to the view; that, uninformed as to the nature of the place, he sought, in pursuance of instructions, to reach a tool lying upon the glass portion of the floor, and, this giving way under his weight, the injuries in suit resulted. Such was his account of the accident, in which he was believed by the jury, as against witnesses with regard to whose credibility it was for that body to judge; and we fail to find anything in the case, as presented to us, which could justify our holding the preponderance of evidence or the probabilities to be contrary to these facts as given. No question is raised as to the defendant's responsibility for the acts of its employé, the foreman, in bringing about the injury; and, if notice to it of the condition of the locality was requisite, this was furnished by the fact that the obscuring layer of dirt upon the flooring could not well have been of sudden arising, but, inferentially, came from a deposit during a period of existence sufficient to charge the defendant with knowledge. Van Tassell v. Railroad Co., 1 Misc. Rep. 299, 304, 20 N. Y. Supp. 708. Thus negligence is found in the failure to properly warn the plaintiff of his danger, and that there was such a failure the jury have found. The damages awarded do not appear to be excessive, and the verdict, in this regard, is not questioned by the appellant. Judgment and order affirmed, with costs. All concur.